

FILED
CLERK, U.S. DISTRICT COURT

MAY 16 2025

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARLOS SEGURA,

    Defendant.

Case No. ED 25-MJ-306

ORDER OF DETENTION

I.

On May 16, 2025, Defendant Carlos Segura - assisted by Spanish language interpreter Thomas Kavelin - made his initial appearance on the criminal complaint filed in this case. Deputy Federal Public Defender Brendon Gilligan was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Rahul Hari. A detention hearing was held.

☐   On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒   On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also

considered the reports and recommendations prepared by United States Probation and Pretrial Services, dated April 14, 2025 and April 17, 2025, and the arguments of counsel at the hearing.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ unverified background information (unknown family ties, passport possession, travel history).
- ☒ no stable residence
- ☒ No legal status in the United States
- ☒ unknown bail resources
- ☒ extensive criminal history includes history of failures to appear
- ☒ Defendant has used nine name variations
- ☒ Defendant is alleged to have entered the United States without permission after being deported in 2007 and 2024.

As to danger to the community:

- ☒ extensive criminal history includes felony convictions for assault with a deadly weapon, and false impersonation, and misdemeanor convictions for vandalism, firearms, failure to appear, battery, false impersonation, possession of stolen vehicle, and extensive history of law enforcement contacts
- ☒ substance use history
- ☒ pending parole violation in state court

V.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: May 16, 2025

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE